AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| United States of America<br>v.<br>Jorge Augusto Mero FIGUEROA<br><br>Defendants. | Case No.  2:25-mj-00013 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. That on or about March 10, 2025, upon the high seas outside the jurisdiction of any particular state or district, in international waters, while on board a vessel subject o the jurisdiction of the United States, the Defendant violated:

| Code Section | Offense Description |
|---|---|
| 46 USC Sec 70503(a)(1); | Possession with intent to distribute a controlled substance while on board a covered vessel subject to the jurisdiction of the United States; |
| 46 USC Sec. 70503(a)(2) | Jettisoning property that is subject forfeiture under section 511(a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 USC 881(a) |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

Christopher Bondura, HSI SA
Printed name and title

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone.

Date: 03/17/2025

_____
Judge's signature

Mary Gordon Baker, United States Magistrate Judge
Printed name and title

City and state: Charleston, South Carolina

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher Bondura, being duly sworn, hereby depose and state the following:

1.  I am employed as a Homeland Security Investigations (HSI) Special Agent since 2019. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to HSI's Office of the Assistant Special Agent in Charge (ASAC) in Charleston, South Carolina, and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Special Agent with HSI, I am familiar with the manner in which narcotics traffickers and narcotics trafficking organizations operate, including maritime drug traffickers. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2.  The facts set forth in this Affidavit are based on my personal knowledge as well as information obtained from others. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint charging CARLOS ARMANDO CEDENO and JORGE AUGUSTO MERO FIGUEROA with possessing with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1) and jettisoning property that is subject to forfeiture under Section 511(a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. § 881(a)), in violation of Title 46, United States Code, Section 70503(a)(2).

## LEGAL AUTHORITY

3. Title 46, United States Code, Section 70503 is part of the Maritime Drug Law Enforcement Act (MDLEA). Section 70503(a)(1) makes it a crime to knowingly or intentionally possess with intent to distribute a controlled substance while on board a covered vessel. Section 70503(a)(2) makes it a crime to destroy (including jettisoning any item or scuttling, burning, or hastily cleaning a vessel) property that is subject to forfeiture under Section 511(a) of the Comprehensive Drug Abuse Prevention and Control Act of 19970 (21 U.S.C. § 881(a)). Section 70503(b) states that these offenses apply even though the act is committed outside the territorial jurisdiction of the United States.

4. Section 70503(e) defines "covered vessel" as a vessel subject to the jurisdiction of the United States. Section 70502(c)(1)(A) clarifies that a vessel subject to the jurisdiction of the United States includes a vessel without nationality.

5. Section 70502(d)(1)(B) defines a vessel without nationality as a vessel aboard which the master or individual in charge fails, on request of an officer of the United States, to make a claim of nationality or registry for the vessel. Section 70502(e) says that a claim of nationality or registry includes flying its nation's ensign or flag or a verbal claim of nationality or registry by the master or individual in charge of the vessel.

6. Section 70504(a) states that jurisdiction of the United States with respect to a vessel is not an element of an offense. Jurisdictional issues that arise are preliminary questions of law to be determined solely by the trial judge.

**PROBABLE CAUSE**

7. On or about March 10, 2025, while on routine patrol, a helicopter detected a Go-Fast Vessel (GFV)[1] approximately 49 nautical miles from the United States Coast Guard ("USCG") Cutter "STONE," off the coast of Ecuador, between Ecuador and Costa Rica, within international waters and upon the high seas. The GFV had two individuals on board, three outboard engines, was in a known drug trafficking area, had visible packages on board and fuel barrels on deck, and displayed no indicia of nationality.

8. The STONE was diverted to interdict the GFV and investigate. United States Coast Guard District 11 assumed tactical control over the STONE and granted a Statement of No Objection for a Right of Visit boarding[2] to stop a non-compliant vessel, including warnings shots and disabling fire, on the GFV, reasonably suspected of drug smuggling, displaying no indicia of nationality, and located in international waters.

9. The STONE launched a long-range interceptor[3] and helicopter to intercept and investigate. The USCG helicopter crew signaled the GFV to stop. The GFV refused to stop. The helicopter crew then employed warning shots, which were effective. The GFV's crew then began to jettison packages and fuel barrels into the water before getting underway again. The helicopter

---

[1] A Go-Fast Vessel is a small, fast powerboat designed with a long narrow platform and planing hull. These vehicles are typically used by drug traffickers because their high speeds allow them to avoid routine interception by law enforcement.

[2] This is a process where the Coast Guard's commanding officer authorizes individuals under his command to board a private vessel for the purpose of visiting, and if necessary, searching the vessel to determine its character and nature of service.

[3] A Long-Range Interceptor is an 11-meter speed launch vessel designed to be deployed from United States Coast Guard cutters via a rear launching ramp. It is an aluminum boat for intercepting and boarding suspect vessels.

crew then employed disabling fire which were effective and the GFV became dead in the water.

10.     The USCG boarding team gained positive control of the GFV which had two individuals on board identified as CARLOS ARMANDO CEDENO and JORGE AUGUSTO MERO FIGUEROA.

11.     The GFV was not flying a flag, did not have any registration documents on board or registration number on the hull, nor did it have a homeport on the hull or a name on the hull.[4] During the Right of Visit questioning, the two individuals did not make a claim of nationality for the vessel. Consequently, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed.



---

[4] The two individuals on board the vessel did not make a claim of nationality when requested by the United States officers, therefore the vessel is considered a vessel without nationality despite displaying the Colombian flag on the rear of the boat. *See* 46 U.S.C. § 70502(d)(1)(B). In any event, the two individuals on board the vessel were Ecuadorian citizens.

4

12.	The boarding team recovered a total of approximately 1,804 kilograms of white powder substance. USCG conducted two field tests on the white powder substance which field tested positive for cocaine.

## CONCLUSION

13.	Based on the foregoing facts, I submit that there is probable cause to believe that CARLOS ARMANDO CEDENO and JORGE AUGUSTO MERO FIGUEROA possessed with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and that they jettisoned property that is subject to forfeiture under section 511(a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. § 881(a), in violation of Title 46, United States Code, Section 70503(a)(2).

[Signature Page to Follow]

Respectfully Submitted,

_____
CHRISTOPHER BONDURA
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone

March 17, 2025

Charleston, South Carolina

_____
THE HONORABLE MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE